TAYLOR *et al. v.* TWINER *et al.*

(In Banc. Dec. 20, 1943.)

[16 So. (2d) 31. No. 35491.]

See, also, 193 Miss. 410, 9 So. (2d) 644.

**W. B. Fontaine** and **Howie, Howie & McGowan,** all of Jackson, for appellants.

Henry & Barbour and Bridgeforth & Love, all of Yazoo
City, Ray, Spivey & Cain, of Canton, Fielding L. Wright,
of Rolling Fork, Brunini & Brunini, of Vicksburg, and
Vinson, Elkin, Weems & Francis and Thomas Fletcher, all
of Houston, Tex., for appellees.

**McGehee, J.,** delivered the opinion of the court.

The bill of complaint herein was filed by the appellants William C. Taylor and J. Carl Taylor, two of the heirs at law of James Taylor, deceased, alleging that at the time of the death of the said James Taylor in 1915 they inherited from him a one-ninth undivided interest each in 120 acres of land, 80 acres of which is involved in this suit, and all of which said land was sold under a decree for sale and partition of the proceeds in 1918 when the appellee J. M. Twiner became the purchaser thereof at a fair and reasonable price. The complaint challenged the validity of the partition proceedings on several grounds and asked that the title claimed by said J. M. Twiner and his mineral lessees to the 80 acres of land be cancelled as a cloud upon the title of the appellants. The answer of the appellees denied the invalidity of the partition proceedings and also set up the defense of adverse possession on the part of J. M. Twiner for a much greater period than required by law to vest a perfect title in the said purchaser at the partition sale, and the answer was made a cross-bill so as to obtain the cancellation of the claim of the appellants to the land and to confirm and quiet the title of the appellees. The court below dismissed the bill of complaint with prejudice after a trial on the merits, held the partition proceedings and sale thereunder to J. M. Twiner to be valid, and granted

the relief prayed for under the cross-bill. From that decree the complainants appealed.

We deem it unnecessary that we discuss the various grounds assigned as to the alleged invalidity of the partition proceedings, except to say that we have carefully considered the same and have reached the conclusion that the same were valid in all respects except that the confirmation of the sale was had in vacation without further notice to the parties in interest, the confirmation being had prior to the enactment of Chapter 228, Laws of 1922, which for the first time amended the then existing law so as to permit the confirmation of such a sale in vacation without further notice to the parties where the decree ordering the sale has designated a definite date and place for the hearing on the confirmation of the report of the commissioner in that behalf. Whether or not the sale has since been confirmed by the acts of the parties to the proceeding it is unnecessary that we decide, in view of the conclusion that we have reached on the issue of adverse possession.

The proof discloses that the partition sale was had while the complainants were engaged in the armed services during the First World War, but that legal process was served on one of the complainants before he left the county, and that the other entered his appearance, admitted the allegations of the bill for partition, and joined in the prayer for relief; that they were fully advised of the pendency of the partitions suit and as to the nature of the relief sought therein; and that after their return from the War in 1919 they learned that J. M. Twiner after the purchase at the partition sale had completely enclosed this land by fence and was in the full use, possession and enjoyment of the same under such circumstances as to put them on notice that he was claiming it as owner. They asserted no claim or title thereto during a period of more than 20 years after the sale and made no inquiry as to the rents or as to right or claim under which Twiner was in possession.

They contend, however, that Twiner was in possession of the land as lessee when they went away to war and that his possession after they returned did not denote any change in the character thereof. The proof discloses, on the contrary, that during the year prior to the sale he was only in possession of the 40 acres not involved in this suit, and which 40 acres he conveyed by recorded deed to the Slick estate subsequent to the partition sale. They rely principally upon the case of Smith v. Anderson, 193 Miss. 161, 8 So. (2d) 251, in support of their contention that there was no change in the nature and character of the possession exercised by Twiner before and subsequent to the petition sale. But neither Twiner nor his wife were tenants in common of the land, the said Twiner having married a half-sister of the complainants who was not an heir at law of their father James Taylor, deceased. The principle of law announced in the Smith v. Anderson case, supra, is not applicable to the facts in the case at bar.

It is also unnecessary that we discuss the facts in regard to the action of the court below in restoring the lost records and court file from the proven copies thereof made by the abstractor and shown to be identical with those contained in the office file of the attorney who handled the partition proceeding, since that issue becomes immaterial in view of the title acquired by Twiner and his mineral lessees by adverse possession since the partition sale, and without regard to the proof of the taking of all necessary steps required precedent thereto.

It follows that the decree of the court below dismissing the bill of complaint and granting the relief prayed for in the cross-bill should be affirmed.

Affirmed.